UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA NORA MONTALVO,<br><br>    Plaintiff,<br><br>        v.<br><br>ALBECO, INC.,<br><br>    Defendant. | Case No. 25-cv-00759-HSG<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 24 |

After Plaintiff's counsel failed to appear at a motions hearing on August 14, 2025, the Court issued an order to show cause why counsel should not be sanctioned. Dkt. No. 25. Counsel responded to the order to show cause on August 18, 2025. Dkt. No. 26. Counsel maintains that she "intended to remotely appear" for the hearing, and says that two weeks before the hearing she "asked [her] administrative staff to confirm that remote appearances were allowed before this Court and to ensure all necessary perquisites [sic] were confirmed with the Court and completed prior to this August 14th hearing." *Id.* at ¶¶ 2-3. Counsel says that "I later learned my staff had not filed the appropriate request for a remote appearance, and as such, the Court did not know I was waiting to be let into the Courtroom's remote platform." *Id.* at ¶ 4.

The Court has two issues with this response. First, counsel should understand that there is no inherent right to appear remotely as a matter of course. The Court generally holds motions hearings in person, and Plaintiff's counsel chose to file this lawsuit in this jurisdiction. If traveling to this district for motions hearings is too inconvenient, then counsel should not have accepted a representation here. And counsel always must support a request to appear with a showing of particularized good cause, and do so in ample time for the Court to decide whether it will excuse the normally-required in-person appearance for some reason.

Second, and most importantly, it is not the responsibility of "administrative staff" to know

and follow this district's Local Rules and this Court's standing orders: that responsibility falls squarely on counsel, and cannot be delegated.  It was counsel's duty to either personally sign and file an appropriate request to appear remotely, supported by some basis beyond "it would be inconvenient to appear in person," or to appear as required by this Court's directions.  *See* Dkt. No. 23 and Civil Standing Order at ¶ 17 ("Aside from civil case management conferences, which are generally conducted via Public Zoom Webinar, attorneys may not appear remotely absent a showing of good cause.  In general, any attorney who wishes to argue at a motion hearing may not appear remotely.  Parties must file any request to appear remotely at least one week in advance of the hearing.").  The Court admonishes counsel for not appropriately taking responsibility for this process, for appearing to blame staff for the result, and for uncritically relying on an apparent misunderstanding of the rules by non-lawyer staff.  Compliance with the Court's rules and procedures is a lawyer responsibility, not an administrator responsibility.

To her credit, in the end counsel forthrightly acknowledges her error of judgment and assures the Court that she will correct the issue going forward.  *See* Dkt. No. 26 at ¶¶ 6-7 ("profusely apologiz[ing] for [counsel's] oversight in not ensuring a remote appearance was timely filed with the Court prior to this August 14th hearing and further apologiz[ing] for delaying the Court's proceedings," and assuring the Court that counsel "will be sure to personally appear or ensure a timely request for a remote appearance is filed and accepted in advance of any future hearings in this matter").  Given this acknowledgment, and with the direction given above, the Court finds that sanctions are not necessary and accordingly **DISCHARGES** the order to show cause.  The Court fully expects that this issue will not be repeated, and that counsel will scrupulously follow all applicable rules going forward.

**IT IS SO ORDERED.**

Dated:   8/19/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

2